**SIGNED THIS: November 06, 2007**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SUSAN L. COLE, | ) | No. 07-80542 |
| | ) | |
| Debtor. | ) | |

**O P I N I O N**

This matter is before the Court on the motion of the Debtor, Susan L. Cole (DEBTOR), to avoid the lien of Andalusia Community Bank (BANK) under Section 522(f)(1)(B). After hearing evidence, the Court took the matter under advisement, and now determines that the motion should be granted.

Between March 26, 2002, and October 25, 2005, the DEBTOR obtained a series of some 16 loans from the BANK. Several loans were obtained to purchase household goods. On August 31, 2002, the DEBTOR borrowed money to buy furniture. On September 8, 2002, she obtained a loan to buy a refrigerator. On March 27, 2003, she borrowed money in order to purchase a lawn mower. On October 2, 2003, a pool table was purchased with

a loan from the BANK. On January 20, 2004, she borrowed money purportedly to purchase a computer, but ended up financing the computer through Dell. The loans were refinanced and/or consolidated several times after being taken out.

The DEBTOR filed her petition for protection under Chapter 13 of the Bankruptcy Code on March 16, 2007. On May 15, 2007, the BANK filed its proof of claim asserting a petition date balance of $2,891.94 fully secured by a "pool table, mower, furniture, refrigerator and Dell computer." The DEBTOR'S First Amended Plan proposes to avoid the BANK'S lien on each item of collateral except the pool table, to which the First Amended Plan makes no reference.[1] It also treats Dell Financial as holding a claim secured by a purchase-money security interest in a computer. On May 4, 2007, the DEBTOR filed her motion to avoid the BANK'S security interest pursuant to Section 522(f)(1)(B)(i).

The DEBTOR contends that the pool table is not an asset of the estate as it was sold prepetition. The evidence supports this contention. Therefore, the DEBTOR is deemed to have waived her request to avoid the BANK'S lien on the pool table.

The DEBTOR also contends that because the Dell computer was financed through Dell, the BANK does not have a purchase-money security interest in it despite the fact that a loan was obtained by the DEBTOR from the BANK based upon the representation that the funds would be used to purchase a new computer. The DEBTOR'S contention is correct. Therefore, the BANK'S security interest in the computer is a nonpossessory, nonpurchase-money one that is avoidable under Section 522(f)(1)(B)(i).

---

[1] Confirmation of the First Amended Plan was also taken under advisement. On October 11, 2007, however, the DEBTOR filed a Second Amended Plan, superseding the First Amended Plan, so that confirmation of that prior plan is now moot.

With respect to the BANK'S security interest in the furniture, refrigerator and mower, the DEBTOR makes two arguments. First, that the purchase-money status was lost as a result of the various refinancings that occurred. Second, that the purchase-money status was lost when the funds used to purchase the goods were repaid in full. The Court determines that the second argument is valid as a matter of fact and law, rendering it unnecessary to address the first argument.

This Court agrees with *In re Short,* 170 B.R. 128 (Bankr.S.D.Ill. 1994), that absent a statute or agreement to the contrary, where a purchase-money loan has been consolidated with another purchase-money loan, the court should employ a "first in, first out" allocation method so that payments are deemed applied to the oldest debts first, with the result that purchase-money liens are paid off in the order in which the goods are purchased. 170 B.R. at 136. Where a purchase-money loan has been consolidated with a non-purchase-money loan, that same methodology means that the older loan gets paid first. Once the purchase price of a particular item has been fully paid, the security interest in that item becomes a nonpurchase-money lien. *Accord, In re McAllister,* 267 B.R. 614, 624 (Bankr.N.D.Iowa 2001).

The funds used by the DEBTOR to purchase the furniture, refrigerator and mower were borrowed in August and September of 2002 and March of 2003. Thereafter, the DEBTOR obtained a refinancing or an additional loan on at least eight occasions and borrowed additional, subsequent advances in excess of $5,000. Each subsequent loan involved a renewal of the prior note and a continuation of the security interest in the furniture, refrigerator and mower.

As pointed out by the DEBTOR, the balance owed to the BANK as of the petition date was $2,891.07. Given the history of renewals subsequent to the time that the furniture, refrigerator, and mower were actually purchased, the amount of additional funds borrowed subsequent thereto, and the small petition date balance, the conclusion is inescapable that the DEBTOR fully repaid, well before bankruptcy, the funds borrowed for the purchase of the collateral. The amount she owed as of the petition date consists solely of subsequently advanced funds that were not used for the purchase of the collateral.

Therefore, the security interest in the furniture, refrigerator and mower, as of the petition date, was a nonpurchase-money security interest avoidable under Section 522(f)(1)(B)(i). It is not necessary for the Court to decide whether the transformation rule or the dual status rule is applicable to the facts of this case.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###